IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROGER ELLERBE,                               :
                                             :
          Movant/Defendant,                  :
                                             :
     v.                                      :        Civ. Act. No. 17-1663-LPS
                                             :        Cr. Act. No. 01-04-LPS
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
          Respondent/Plaintiff.              :

---

Roger Ellerbe. *Pro se* Movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

---

**MEMORANDUM OPINION**[1]

August 25, 2021
Wilmington, Delaware

---

[1]This case was originally assigned to the Honorable Roderick McKelvie and was re-assigned to the undersigned's docket on November 15, 2017.

STARK, U.S. District Judge:

## I.    INTRODUCTION

Roger Ellerbe ("Movant") filed a Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255(e). (D.I. 48) The United States Government ("Respondent") filed an Answer in Opposition. (D.I. 58) For the reasons discussed, to the extent the Motion is filed under 28 U.S.C. § 2255, the Court will deny the Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f). To the extent the Motion is filed under § 2255(e) in order to pursue relief under 28 U.S.C. § 2241, the Court will deny the Motion for lack of jurisdiction. The Court will deny the Motion without holding an evidentiary hearing.

## II.    BACKGROUND

On January 9, 2001, Movant was indicted by a federal grand jury in the District of Delaware on three charges: (1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (3) possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 1) On March 27, 2001, Movant entered a guilty plea to Counts Two and Three, in exchange for which Respondent dismissed Count One. (D.I. 32; D.I. 45) On June 25, 2001, Movant was sentenced to a term of sixty months of incarceration on Count Two and a term of fifty-one months of incarceration on Count Three, with the terms to run consecutively with one another and consecutive to a term of imprisonment that had been imposed on March 9, 2001 by the Delaware Superior Court. (D.I. 44 at 12-13) The judgment lists Count Two as "Possession of a firearm during the commission of drug trafficking offense" in

violation of "18 U.S.C. § 924(c)(1),"[2] and Count Three as a "Possession of a firearm by a prohibited person," in violation of 18 U.S.C. § 922(g)." (D.I. 36 at 1)

On June 29, 2001, defense counsel filed a Notice of Appeal on behalf of Movant. (D.I. 39) On or about August 20, 2001, defense counsel filed in the Third Circuit a Motion for Voluntary Dismissal of Appeal on behalf of Movant. The Third Circuit dismissed the appeal "in accordance with the agreement of the parties" on August 27, 2001. (D.I. 47)

Movant filed a *pro se* § 2255(e) Motion on September 15, 2017. (D.I. 48) The Motion asserts the following grounds for relief: (1) Movant is "actually innocent and being detained for conduct that has subsequently been rendered non-criminal due to the Supreme Court's interpretation of 18 U.S.C. § 924(c) in *Bousley* [*v. United States*, 523 U.S. 614, 623 (1998)] and *Bailey* [*v. United States*, 516 U.S. 137 (1995)]" because Movant "neither 'used' nor 'carried' a firearm in relation to the predicate offense" (D.I. 48 at 5, 12; D.I. 59 at 2); (2) Movant's guilty plea was involuntary because he was misinformed about the factual basis for a § 924(c)(1) violation and defense counsel provided ineffective assistance during the plea process (D.I. 48 at 7; D.I. 59 at 3); and (3) Respondent materially breached the plea agreement (D.I. 48 at 16). Movant appears to argue that, should the

---

[2]The Indictment (D.I. 1) and Memorandum of Plea Agreement (D.I. 32) refer to Count Two as "carrying a firearm." During the plea colloquy (D.I. 45 at 3-4) and sentencing hearing (D.I. 44 at 3), Count Two was referred to as "carrying a firearm" during and in relation to a drug trafficking offense. The judgment, however, refers to Count Two as "Possession of a firearm." (D.I. 36) Respondent provides the following explanation for this different language:

> In 1998, in response to *Bailey* [*v. United States*, 516 U.S. 137 (1995)], Congress amended § 924(c)(l). The earlier version criminalized use and carrying, but not possession. *United States v. Ceballos-Torres*, 218 F.3d 409, 413 (5th Cir. 2000). The amendment included the language, "or who, in furtherance of any such [ drug trafficking] crime, possesses a firearm . . ." In the instant matter, the Judgment merely substituted "Carrying a firearm during . . ." with the synonymous phrase "Possession of a firearm during . . ." The Judgment does not quote the amendment's "in furtherance of" language. (D.I. 58 at 8 n. 2)

Court find his § 2255 Motion to be untimely, the Motion should be reviewed pursuant to 28 U.S.C. § 2241. (D.I. 48 at 2-5)

## III.   DISCUSSION

"Ordinarily, federal prisoners collaterally challenging their convictions or sentences must seek relief pursuant to the remedial framework set out in 28 U.S.C. § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 174 (3d Cir. 2017). However, a prisoner who has not filed a timely § 2255 motion presenting his current statutory interpretation argument may be able to invoke "§ 2255's saving clause, which allows a federal prisoner to seek a writ of habeas corpus under 28 U.S.C. § 2241 when § 2255's remedy 'is inadequate or ineffective to test the legality of his detention.'" *Bruce*, 868 F.3d at 174 (citing 28 U.S.C. § 2255(e)). As explained by the Third Circuit,

> Our Circuit permits access to § 2241 when two conditions are satisfied:
> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision" – in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.

*Bruce*, 868 F.3d at 180.

### A. Motion Considered Under 28 U.S.C. § 2255

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2) or (4). To the extent Movant's reference to *Bailey* should be construed as an attempt to invoke § 2255(f)(3) on the basis of a right newly recognized by the Supreme Court and made retroactively applicable to him, the argument is unavailing. In *Bailey*, the Supreme Court held that the term "use" in § 924(c) requires more than mere possession of a firearm during the commission of the underlying offense. *See Bailey*, 516 U.S. at 143-44. Rather, under *Bailey*, "use" requires "active employment" of the firearm, such as brandishing, displaying, bartering, striking with, and firing or attempting to fire the firearm. *Id.* at 143, 148. Aside from the fact that Movant pled guilty to the "carry" prong of § 924(c) and not the "use" prong, Movant pled guilty and was sentenced in 2001, six years after *Bailey* was decided in 1995. Consequently, the right recognized in *Bailey* is not "newly" decided in Movant's case and has no retroactive impact for him.

Given these circumstances, the Court concludes that the one-year period of limitations began to run when Movant's conviction became final under § 2255(f)(1). In this case, Movant's

conviction became final on August 28, 2001, the date on which the Third Circuit's Order dismissing his appeal was docketed. Applying one year to that date, Movant had to file his § 2255 Motion no later than August 28, 2002. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary date of triggering event for starting limitations period). Movant did not file the instant § 2255 Motion until November 8, 2017,[3] more than 15 years after the expiration of the filing deadline. Hence, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may be tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date on the Motion – November 8, 2017 – as the date of filing. (D.I. 48 at 25; *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . . .").

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The movant bears the burden of showing that an extraordinary circumstance stood in his way. *See McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007).

In this case, Movant does not assert that he was misled, that he mistakenly asserted his rights in the wrong forum, or that any extraordinary circumstances prevented him from filing his Motion on time. To the extent Movant's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

In addition, to the extent Movant's independent "actual innocence" argument should be construed as an attempt to trigger equitable tolling for his § 2255 Motion, the argument is unavailing. In *McQuiggin v. Perkins*, the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. 569 U.S. 383, 386, 401 (2013); *see also Satterfield v. Dist. Attorney of Phila*, 872 F.3d 152, 162 (3d Cir. 2017) ("*McQuiggin* allows a petitioner who makes a credible claim of actual innocence to pursue his or her constitutional claims even in spite of AEDPA's statute of limitations by utilizing the fundamental-miscarriage-of-justice exception."). The *McQuiggin* Court, however, cautioned that "tenable actual-innocence gateway pleas are rare," and a prisoner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 569 U.S. at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *See Bousley*, 523 U.S. at 623.

Here, Movant's actual innocence argument fails to satisfy the *McQuiggan/Bousley* standard.

6

Movant was indicted with carrying a firearm during and in relation to a drug trafficking crime in

violation of 18 U.S.C. § 924(c). (D.I. 1) Movant signed a Memorandum of Plea Agreement whereby

he agreed to "enter a plea of guilty" to "Count 2[, which] charges Carrying a Firearm During and in

Relation to a Drug Trafficking Offense, in violation of Title 18, United States Code, Section

924(c)(1)." (D.I. 32 at 1) During the plea colloquy, while under oath, Movant accepted

Respondent's proffer of facts supporting the plea, namely, that as Movant resisted and fled police,

an officer witnessed a firearm and twenty-five bags of cocaine base fall from Movant's hooded

sweatshirt. (D.I. 45 at 8-10) During the plea colloquy, Movant affirmatively stated that he was

pleading guilty to "carrying a firearm during and in relation to a drug-trafficking offense" in violation

of 18 U.S.C. § 924(c). (D.I. 45 at 4-5) Given these circumstances, Movant cannot establish his

actual (factual) innocence.

For all of the aforementioned reasons, the doctrine of equitable tolling is not available to

Movant on the facts he has presented. Accordingly, the instant § 2255 Motion is time-barred.

## B. Motion Considered Under 28 U.S.C. § 2241

As previously explained, a prisoner who has not filed a timely § 2255 motion presenting his

current statutory interpretation argument may be able to invoke "§ 2255's saving clause, which

allows a federal prisoner to seek a writ of habeas corpus under 28 U.S.C. § 2241 when § 2255's

remedy is inadequate or ineffective to test the legality of his detention." *Bruce*, 868 F.3d at 174

(internal quotation marks omitted). Legislative limitations like statutes of limitation or gatekeeping

provisions do not render the § 2255 remedy inadequate or ineffective so as to permit a prisoner to

seek relief under § 2241. *See, e.g., Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States

v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Rather,

§ 2255 is "ineffective" for the purpose of seeking collateral relief only when a prisoner did not have

an earlier opportunity to challenge his conviction or "is being detained for conduct that has

7

subsequently been rendered noncriminal by an intervening Supreme Court decision." *Dorsainvil*, 119 F.3d at 251-52.

To support the type of actual innocence claim that would render a § 2255 motion inadequate, a movant must "establish that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2015) ("While *Bousley* addressed the standard that a petitioner must meet for claims brought under § 2255, this standard applies equally to actual innocence claims brought under § 2241."). "A petitioner can establish that no reasonable juror would have convicted him by demonstrating an intervening change in law that rendered his conduct non-criminal." *Tyler*, 732 F.3d at 246.

Here, Movant contends that he is actually innocent of carrying a firearm during and in relation to a drug trafficking crime in violation of § 924(c)(1) because he did not actively employ the firearm in such a way that it played an active role in the perpetration of the predicate offense. (D.I. 48 at 6, 8, 11-12; D.I. 59 at 2) He cites *Bailey* and *Bousely* to support his "actual innocence" argument, asserting these decisions held "that in order to convict a defendant under 18 U.S.C. § 924(c), the defendant must have actually 'used' or 'carried' a firearm during an in relation to a drug trafficking offense." (D.I. 48 at 1; *see also* D.I. 59 at 2)

Respondent contends that the Court lacks jurisdiction to consider the instant Motion under § 2241 because Movant pled guilty to "carrying" a firearm in violation of § 924(c), and *Bailey* did not implicate the "carrying" prong of § 924(c). (D.I. 58 at 13) While the Court concurs with Respondents' assertion regarding *Bailey*'s application, it notes that it lacks jurisdiction under § 2241 for an even simpler reason: *Bailey* and *Bousley* were decided before Movant pled guilty in 2001 and, therefore, the Movant's instant "actual innocence" argument has been available to him all along. In other words, Movant is not a prisoner who is actually innocent and did not have a prior opportunity to challenge his conviction. The fact that Movant is now time-barred from pursuing relief under §

8

2255 does not mean that § 2255 is inadequate or ineffective. *See Cradle*, 290 F.3d at 539 ("§ 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."). Movant may not avail himself of § 2241 because he has not demonstrated that § 2255 is an inadequate or ineffective remedy in his case. Accordingly, to the extent the instant Motion is filed pursuant to § 2241, the Court lacks jurisdiction to consider it.

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255 or § 2241. Therefore, an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as time-barred, and that his request for relief under 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. The Court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VII.   CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion as time-barred and his 28 U.S.C. § 2241 Motion for lack of jurisdiction. The Court will not issue a certificate of appealability.  An appropriate Order will be entered.